CP:SSS
F.#2008R02186
OCDETF #NY-NYE-598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

STEPHEN LEE,
    also known as "Chino,"

           Defendant.

- - - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. _____
(T. 21, U.S.C., §§ 963,
960(a)(1), 960(b)(1)(G)
and 853(p); T. 18,
U.S.C., §§ 3551 et seq.)

THE GRAND JURY CHARGES:

## CONSPIRACY TO IMPORT MARIJUANA

1. On or about and between March 24, 2007 and May 1, 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEPHEN LEE, also known as "Chino," together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 952(a).

(Title 21, United States Code, Sections 963, 960(a)(1) and 960(b)(1)(G); Title 18, United States Code, Sections 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

2.  The United States hereby gives notice to the defendant that, upon his conviction of such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, including but not limited to, at least approximately $8,000,000, a sum of money equal to the total amount of gross proceeds the defendant obtained as a result of the offense.

3.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section

853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Section 853(p))

A TRUE BILL

*(signed)* Shirley E. Stokely
FOREPERSON

---

BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

*(signed)*

## INFORMATION SHEET

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

1. Title of Case: **United States v. Stephen Lee, also known as "Chino"**

2. Related Magistrate Docket Number(s):

   None (X)

3. Arrest Date:

4. Nature of offense(s):  ☒  Felony
                          ☐  Misdemeanor

5. Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3 of the Local E.D.N.Y. Division of Business Rules): _____

   _____

6. Projected Length of Trial:   Less than 6 weeks   (X)
                                 More than 6 weeks   ( )

7. County in which crime was allegedly committed: Queens
   (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8. Has this indictment/information been ordered sealed?    (X) Yes  ( ) No

9. Have arrest warrants been ordered?                       (X) Yes  ( ) No

10. Capital count included?                                 ( ) Yes  (X) No

BENTON J. CAMPBELL
UNITED STATES ATTORNEY

By: _/s/ Sylvia Shweder_
Sylvia Shweder
Assistant U.S. Attorney
718-254-6092

Rev. 3/22/01