UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

-against-

STEPHEN LEE,

Defendant.

**MEMORANDUM AND ORDER**
Case No. 1:09-CR-00119-FB-1

*Appearances:*
*For the Government:*
ASHLYN MIRANDA
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, NY 1120

*For the Defendant:*
STEPHEN LEE, *pro se*
679 East 49th Street
Brooklyn, New York 11202

**BLOCK, Senior District Judge:**

Defendant Stephen Lee ("Lee") moves to terminate his supervised release, having served 4 years and 3 months of his 5-year term as of the filing of his motion in June 2026. Having considered the relevant statutory and Sentencing Guidelines factors, the Court concludes that Lee's motion should be **GRANTED**.

**I.**

In September 2010, following a jury trial, Lee was convicted of conspiracy to distribute marijuana and cocaine. Dkt. 353; *see also United States v. Lee*, 723 F.3d 134, 137 (2d Cir. 2013). Judge Allyne R. Ross sentenced Lee to 180 months' imprisonment and five years' supervised release. Dkt. 482. His sentence was later

reduced to 168 months. Dkt. 580. Lee was released from custody on March 21, 2022, and began his term of supervised release. In October 2023, he moved to terminate supervised release, but Judge Ross denied the motion without a written opinion. Dkt. 664.

According to a Probation Office report dated July 7, 2026, Lee is employed and maintains a stable residence. Dkt. 680. He has not been arrested since his release, has complied with the conditions of his supervision, and has been in the Low Intensity Unit since May 2022. *Id.*; Dkt. 697. The government and the Probation Office oppose early discharge because of Lee's leadership role in the offense and his failure to pay the forfeiture amount. Dkt. 680, 697.

Lee filed the present motion in June 2026, having completed an additional 32 months of supervised release since his prior motion.

**II.**

The purpose of supervised release is not to punish the defendant but to aid in a defendant’s rehabilitation and “to ease the defendant’s transition into the community after the service of a long prison term for a particularly serious offense.” *United States v. Morgan*, 820 F. Supp. 3d 203, 212 (E.D.N.Y. 2026) (quoting *Johnson v. United States*, 529 U.S. 694, 709 (2000)). *See also United States v. Granderson*, 511 U.S. 39, 50 (1994); *United States v. Aldeen*, 792 F.3d

247, 252 (2d Cir. 2015). Thus, "[t]hose who no longer need the rehabilitative purposes of supervised release may qualify for early termination." *Morgan,* 820 F. Supp. 3d at 209.

Under § 3583(e)(1), district courts are to consider general § 3553(a) sentencing factors in determining when modification or termination of supervised release is appropriate. That statute does not give district courts guidance as to the factors that are particularly pertinent in deciding when supervised release should be modified or terminated. Section 3553(a)(5), however, directs the Court to consider "any pertinent policy statement . . . issued by the Sentencing Commission." This Court has recently reviewed the landscape of supervised release and motions for termination under new Sentencing Guidelines Section 5D1.4 in *Morgan.*

Section 5D1.4 provides six factors to consider in determining whether to terminate supervised release:

i. any history of court-reported violations over the term of supervision;
ii. the ability of the defendant to lawfully self-manage (*e.g.*, the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
iii. the defendant's substantial compliance with all conditions of supervision;
iv. the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
v. a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and

vi. whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

These factors overall support terminating Lee's supervised release. There is no history of reported violations during his term of supervision. Dkt. 680. Lee has also shown that he can lawfully self-manage: he has maintained employment and a stable residence, and he has not been arrested since his release more than four years ago. *Id.* The government agrees that Lee has been substantially compliant with all conditions of supervision. Dkt. 697. The record does not contain enough facts to determine whether Lee has engaged in prosocial activities, so this factor does not weigh for or against termination. *Cf. United States v. Johnson*, No. 1:96-CR-00932-FB-1, 2026 WL 532472, at *2 (E.D.N.Y. Feb. 26, 2026) (treating the defendant's participation in a post-incarceration reentry program as an example of prosocial activity). Lee's placement in the Low Intensity Unit since May 2022 reflects a low risk level. Dkt. 680.

As to public safety, Lee's leadership role in a drug trafficking organization that manipulated port workers was serious, and his failure to pay the forfeiture amount weighs against termination. Dkt. 680; Dkt. 697. Nevertheless, Lee's advanced age (sixty-five) and the lower recidivism rate that accompanies it further

support termination. *See* Frederic Block, *A Second Chance: A Federal Judge Decides Who Deserves It* 166 –167 (2024) (discussing, in the context of the First Step Act, the strong correlation between advanced age and reduced recidivism) (citing Ben Austen, *Correction: Parole, Prison, and the Possibility of Change* 23 (2023)). On balance, the Court finds that termination would not jeopardize public safety.

As of the date of this decision, Lee has served 168 months in prison and 54 of the 60 months of his supervised release. The Court finds that the remaining six months of supervised release no longer serve a rehabilitative purpose. Accordingly, Lee's motion to terminate supervised release is **GRANTED.**

**SO ORDERED.**

_/S/ Frederic Block________
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 6, 2026